LOGAN HILLS CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. ANNA M. KELLER AND ESTHER SENN, BOROUGH OF HOPATCONG, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THEODORE D. PARSONS, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 13, 1951.

220

Mr. *Milford Salny,* attorney for the plaintiff.

Mr. *Edward F. Smith, Jr.,* attorney for the defendants.

FREUND, J. S. C. This suit was brought to establish an easement over a roadway and to enjoin the defendants from obstructing it. The first count of the complaint included as defendants the Borough of Hopatcong, New Jersey, and the Attorney-General of the State of New Jersey on the ground that the public had acquired an interest in the roadway. No answers were filed by the borough or the Attorney-General, and judgment by default was entered against them. However, at the trial the plaintiff abandoned the theory of public easement and the case was tried on the basis that the plaintiff had acquired a prescriptive right to an easement appurtenant to its lands over the lands of the defendants.

The plaintiff, Logan Hills Corporation, and the defendants, Anna M. Keller and Esther Senn, are the owners of adjoining properties in the Borough of Hopatcong. The plaintiff owns approximately 6½ acres of land, consisting of two contiguous tracts. The defendants' parcel of land, approximately 75 feet in width along its southerly boundary, adjoins the plaintiff's northerly tract on the west. Access to both properties is by Ithanell Road, a public road, formally taken over by the borough in 1916, running easterly from River Styx Road, a main street of the borough, and terminating at the westerly boundary of the defendants' property. Beyond that to the east is Ithanell Road Extension, a private road, which crosses the defendants' property along its southerly boundary and continues on into the lands of the plaintiff as a means of ingress and egress for the plaintiff and other property owners whose lands lie along Ithanell Road Extension east of the defendants' property.

The dispute involves the small portion of the roadway, about 75 feet in length and 10 feet or more in width, which crosses the defendants' property and is delineated between two stone walls, several feet high, one on the southerly boundary of the property and the other marking the northerly side of the roadway. The defendants in July, 1950, placed a chain across the roadway at the easterly boundary of their property, with a sign suspended from it, reading "Closed to Public Traffic." The plaintiff thereupon instituted this suit and obtained an injunction *pendente lite*.

The law is well settled that the open, notorious, continued and adverse use of a roadway across the lands of another from a residence or place of business to a public road for more than 20 years, affords a presumption of a grant of such right-of-way. The user necessary to establish a presumptive right must be hostile, showing intent to claim as against the true owner and must be under a claim of right with such circumstances of notoriety as that the person against whom it is exercised may be so aware of the fact as to enable him to resist the acquisition of the right before the

period of prescription has elapsed. Whether the user is sufficiently hostile and notorious to oust a true owner will depend upon the situation and condition of the property, and the uses to which the real owner designedly or permissively subjects it. *Cobb v. Davenport*, 32 *N. J. L.* 369 (*Sup.* 1867); *Lehigh Valley R. R. Co. v. McFarlan*, 43 *N. J. L.* 605 (*E. & A.* 1881); *Clement v. Bettle*, 65 *N. J. L.* 675 (*E. & A.* 1900); *DeLuca v. Melin*, 103 *N. J. L.* 140 (*E. & A.* 1926); *Burrichter v. Wishnefsky*, 103 *N. J. L.* 340 (*E. & A.* 1926); *Kiernan v. Kara*, 7 *N. J. Super.* 600 (*Ch.* 1950); *Poulos v. Dover Boiler & Plate Fabricators*, 5 *N. J.* 580, 588 (1950); *Plaza v. Flak*, 7 *N. J.* 215 (May 28, 1951).

 The testimony has established to my satisfaction that Ithanell Road Extension from 1893 until obstructed by the defendants in July, 1950, was used continuously by former owners of the plaintiff's property as a roadway to and from their property. Within the foregoing rules, the plaintiff is entitled from the proofs to an easement of right-of-way over the roadway for purposes of ingress and egress.

The defendants acquired their parcel of land in 1929, and since that time have occupied the dwelling situated thereon. The deed conveying title to them was not offered in evidence. However, in the deed to their grantors dated May 16, 1919, admitted in evidence, the existence of the roadway is recognized for the third course of the description of the property refers to a private road at the easterly end of a public road laid out in 1916 and known as "Ithanell Road." A survey made in 1919 and attached to the deed clearly delineates the roadway in question as crossing the defendants' property to the premises now owned by the plaintiff. Other maps and surveys made subsequent to 1919, including one made for the defendants themselves in August, 1930, show the roadway over the defendants' property. Moreover, the title report furnished to the defendants when they acquired the property was made expressly subject to "outstanding public, if any, and private rights in a private road crossing the land herein described * * *."

The plaintiff acquired title to its property in 1948 and 1949, for development as a lake community, and has expended over $62,000 in its acquisition and improvement. The northerly tract which adjoins the defendants' property was purchased in 1949 from the Enterprise Realty and Improvement Company of Lake Hopatcong, the corporate creature of the Campbell family who had owned the property since 1893. Evidence of open, notorious, continued and adverse user of the right-of-way was given by two members of the Campbell family, George C. Campbell, 70 years of age, and Robert C. Campbell, 59. They testified that the roadway had always been used as a means of ingress to and egress from their property to Ithanell Road, the public road, and that they had never until July, 1950, seen any obstruction across the roadway. Further, that a barn, known as the Eustace barn, stood for many years until a year or so ago on their property near the easterly end of the stretch of Ithanell Road Extension which crosses the defendants' property, and that the barn had double doors facing the defendants' property, so that vehicles could be, and were, driven directly over the roadway into the barn. Owners of adjacent property, tradesmen and townspeople who over the years had had occasion to go to or come from the Campbell property or any of the several dwellings and cottages thereon, testified that they used the roadway without objection or obstruction until 1950. John Wolfe, whose property is on the roadway directly opposite the defendants', has in his deed an easement over the roadway. He testified that since 1935 when he acquired his property he has observed the open and continued use of the right-of-way without obstruction until 1950. Curtis Williams, who since 1923 has made surveys of property in the neighborhood, testified to the delineation of the roadway and to its use as a traveled way.

Admittedly, the defendants, in obvious recognition of the roadway, in 1930 built the stone wall along its northerly side, thus separating it from the balance of their property, so that evidently the space between the new wall and the

southerly wall was for roadway purposes, and as theretofore it continued to be used as a means of ingress and egress. Notwithstanding the foregoing, Mrs. Keller testified that when she and her mother bought the property there was no road in front of it, nor any indication of travel thereon by automobile or other vehicle. This testimony is incredible in view of the recitals in the deed, the title report and the demarcation on the various surveys, and, moreover, it is inconsistent with her own later testimony and that of other witnesses. Subsequently, she testified "We bought it and still pay taxes for that road * * *"; and her witnesses, none of whom were neighbors, described the roadway as then in poor condition, but passable. Mrs. Keller testified that in August, 1930, she and her mother had the roadway improved and that in the fall of each year she placed an obstruction of logs across it for a day or two. In July, 1950, because in August 20 years would have elapsed from the time she built the wall and improved the road, she placed the chain across the roadway. Whether or not a prescriptive right would be acquired unless the roadway was obstructed prior to August, 1950, is immaterial because the prescriptive right had already accrued prior to her acquisition of the property.

The evidence amply supports the plaintiff's contention of continuous user since 1893. The plaintiff's witnesses testified in a forthright manner and from their own personal knowledge. On the contrary, the testimony on behalf of the defendants was at times contradictory and wholly inconclusive. The defendants offered little, if any, testimony of lack of user prior to 1930.

In passing, judicial notice may be taken of the fact that the amount of traffic over the right-of-way in no wise affects the existence or non-existence of the prescriptive right. It is evident that when the Campbells acquired their property in 1893, the community was largely a summer colony, with the dwellings and cottages occupied only during the summer months and occasional weekends throughout the rest of the year. Further, few people had horses and car-

riages—the age of the automobile had not yet arrived—so that the vehicular traffic over the roadway was in all probability very slight. In the intervening years, with the advent of the automobile and better transportation facilities, such outlying communities have increasingly become permanently residential. It is understandable, though not material to the issue here presented, that the increased traffic over the right-of-way in recent years, and in particular the traffic incident to the building and development operations of the plaintiff, have become a source of annoyance to the defendants. Nevertheless, the prescriptive right long since accrued and cannot be extinguished at the will of the defendants.

Judgment in accordance with the foregoing, with damages in the stipulated sum of $100.